KAREN L. LOEFFLER
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Rm. 310
Fairbanks, Alaska    99701
Phone: (907) 456-0245
Fax: 907-456-0577
email: stephen.cooper@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL LEE SLAYDEN,<br><br>Defendant. | ) Case No. 4:14-cr-00006-SAO<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States.   This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

1. The defendant agrees to plead guilty to Count 1 of the Information charging him with the misdemeanor offense of Assaulting United States Service Members Engaged in Performing Official Duties.

2. The parties agree pursuant to Fed. R. Cr. P. 11(c)(1)(C) that the appropriate disposition of this case is that:

    a. defendant shall be sentenced to probation for a term of three (3) years and shall pay a fine of $12,500, plus a special assessment of $25, all of which amounts shall be paid in periodic installments of $500 per month during and as a condition of probation, without interest except at the applicable judgment rate on any past due payments;

    b. the United States shall destroy the fireworks and other instrumentalities of the offense that were seized from defendant;

    c. in addition to the payments agreed to above, defendant's probation shall include the usual standard conditions of probation plus any other special conditions the Court may impose that

are not a further penalty beyond the penalties agreed to herein; and

        d.    if defendant pays the monetary impositions in full before the end of the three-year probationary period, then defendant's probation may be subject to early termination but only so long as defendant has successfully completed at least two years of probation and is in full compliance with all probationary conditions.

        3.    The parties agree that, subject to the conditions in section III B 1 below, if defendant qualifies and continues to qualify for acceptance of responsibility the United States will agree to the applicable reduction for acceptance of responsibility.

        4.    Any agreements the parties have on guideline applications are set forth in section III below.

        5.    The parties agree that neither party seeks or will seek any departure under U.S.S.G. 5K1.1 and that the terms of this agreement fully account for the factors bearing on an appropriate sentence.

        6.    The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the present charges, as provided in and subject to the proviso in section V

below.

7.    As set forth fully in sections IV B and C below, defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s) on grounds not now known or knowable by due diligence.

### B.    Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) will control this plea agreement.    Thus, the defendant may not withdraw from this agreement or the guilty plea(s) as long as the Court imposes the sentence as agreed to in sections I A and II E and F hereof.

### C.    Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

//

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1. The defendant agrees to plead guilty to the following count(s) of the Information:

Count 1 of the Information: Assaulting United States Service Members Engaged in Performing Official Duties, in violation of 18 U.S.C. § 111(a)(1).

### B. Elements

The elements of the charge(s) to which the defendant is pleading guilty are as follows:

1) defendant forcibly assaulted, resisted, impeded or interfered with another person or persons;

2) the person or persons were members of the uniformed services of the United States; and

3) the person or persons were at that time engaged in the performance of official duties.

//

## C.    Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Information, and admits the truth of the following statement.    The parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence agreed to herein.

During August 2013 through February 2014, defendant lived in a residential area near North Pole over which military helicopters from the nearby United States Army post at Fort Wainwright often made night flights at about 1,000 or more feet above ground level.    Defendant purchased and moved into his residence in March of 2013.    The home sale transaction included the customary "disclosure statement" required by Alaska law.    But that disclosure statement failed to note noise interference from low flying aircraft.    After closing the sale and moving onto the property, defendant then only first learned of and experienced the frequent, nighttime low flying aircraft noise.    Defendant sought to rescind his purchase based upon the interfering noise which awakened him repeatedly.    The sellers denied defendant's request to rescind the

sale. The sellers maintained that they had been unaware of an
abnormal noise interference from night-time low flying
aircraft. Defendant thereafter undertook to better sound-proof his
bedroom and to minimize the aircraft noise interference.

Defendant's recorded statements when interviewed described what
happened next. His statements are fairly summarized as follows in the
interviewing agent's report:

> SLAYDEN contacted the Public Affairs Office (PAO) on
> Fort Wainwright (FTW) and told them about his frustrations.
> He was eventually put into contact with the Colonel of the
> Aviation Section, Colonel Snelson. After he spoke to Snelson,
> he noticed that the helicopter traffic seemed to move south.
> He had tried to convince Snelson and PAO to move the traffic
> a mile or so north because there were less houses in that
> direction.
> SLAYDEN said that there were still some helicopters
> that seemed to fly directly over his residence and he believed
> them to be below five hundred feet off the ground. He heard
> from some friends that worked at FTW that the helicopter
> pilots knew who SLAYDEN was, knew that their flights
> irritated him, and they deliberately flew over his house to
> irritate him. The writer offered to follow up on this allegation
> if SLAYDEN would provide him the names of his friends.
> SLAYDEN said that he considered this to be a dead end and
> that there was nothing for the writer to follow up on.
> SLAYDEN said that in the fall of 2013 he began to shoot
> fireworks at the helicopters and to shine a spotlight at them
> when they flew over his residence. SLAYDEN said that the
> helicopters had bright lights that shone into his windows so

he decided to "give it back to them". SLAYDEN said that he purchased fireworks from a vendor in North Pole.

　　　　　SLAYDEN said that he did not necessarily aim the mortar tubes (fireworks) at the helicopters. When he heard the helicopters approaching, he would light the fuses on the fireworks and the mortar tubes would shoot the fireworks into the air. SLAYDEN said that the fireworks would only shoot about one hundred feet into the air. SLAYDEN said that one time he spotlighted a helicopter and the helicopter turned and hovered over his residence for about twenty seconds. SLAYDEN believes that he spotlighted helicopters, or shot fireworks at them, on about twelve occasions.

Given the night-time conditions, defendant was unable to identify the pilots or the aircraft markings.　Because the aircraft were helicopters, defendant acknowledges assuming at the time that they were government aircraft based at Ft. Wainwright.

The uniformed Army pilots reported that during this time frame the fireworks and the spotlighting interfered with their operation of the aircraft while they were on military duty flights.　They reported that the fireworks exploded about 300 feet below their aircraft, and that the fireworks and spotlight beam came from the area of defendant's residence.　They also reported that the light caused their night-vision goggles to black out, which is a design feature meant to protect the pilot's eyes, and this temporarily blinded the pilot for several seconds

during flight. Defendant was unfamiliar with night-vision optics. He was unaware, at the time, of night vision goggles shutting off and blocking the vision of night-vision optic wearers due to a bright light or flaring object. One of the pilots also reported eye pain resulting from defendant's spotlight.

A warranted search of defendant's residence resulted in seizure of a 12-volt spotlight, several fireworks, and four cardboard mortars for launching the fireworks. Defendant acknowledged that he had used the fireworks and the spotlight in the manner set forth herein above.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts which the defendant admits in support of the guilty plea(s), are as follows on each count:

On count 1 of the Information charging Assaulting United States Service Members Engaged in Performing Official Duties:

1) imprisonment for a maximum of 1 year;

2) a maximum fine of $100,000;

3) a $25 mandatory special assessment; and

4) probation for a maximum of five years, or a maximum of one year of supervised release following imprisonment.

## 2. Other Matters Affecting Sentence

### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered as the parties have agreed in part I A 2 a of this agreement, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, except

U. S. v. Slayden
4:14-cr-6-SAO                                    10

that in this case the parties have agreed in part II F of this agreement that there is no basis on which to impose restitution.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence.    All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, Alaska 99513-7564.

### c.    Consequences of Conviction (if applicable)

If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E.    Forfeiture

Beyond the destruction of instrumentalities of the crime, neither the United States nor any federal agency will institute or pursue any civil or criminal forfeiture relating to the events underlying this case.

**F.     Restitution**

The parties agree there is no basis for restitution to be ordered.

## III.   ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

**A.     Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose.   The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.     Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.   The parties agree pursuant to Fed. R. Cr. P. 11(c)(1)(C) that the appropriate disposition of this case is that which is set forth above in "Terms of Agreement" in section I A, and in sections II E and F of this agreement.

## 1. Acceptance of responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one-level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C. Sentencing Recommendations and Agreement

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective

sentencing arguments.    Subject to the terms agreed to herein, the

parties will recommend to the Court the sentence agreed upon and set

forth in sections I A and II E and F above as justified by the stipulated

facts set forth in Section II C, any additional facts established at the

imposition of sentence hearing, the applicable statutory penalty

sections, the advisory U.S.S.G., and the sentencing factors set forth in 18

U.S.C. § 3553.

## IV.   WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A.   Trial Rights

Being aware of the following, the defendant waives these trial

rights:

--     If pleading to an information, the right to have the

       charges presented to the grand jury prior to entering

       the guilty plea;

--     The right to a speedy and public trial by jury on the

       factual issues establishing guilt or any fact affecting the

       mandatory minimum and statutory penalties, and any

       issue affecting any interest in any assets subject to

Case 4:14-cr-00006-SAO   Document 4   Filed 06/24/14   Page 14 of 23

forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross-examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not

Case 4:14-cr-00006-SAO   Document 4   Filed 06/24/14   Page 15 of 23

to be used against the defendant, and the right to

testify in the defendant's own behalf; and

-- The right to contest the validity of any searches

conducted on the defendant's property or person.

## B.    Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement.    The defendant further agrees that if the Court imposes a sentence that conforms with this agreement and with Fed. R. Cr. P. 11(c)(1)(C) and which does not exceed the statutory maximum penalties as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release (if applicable), and any fines or restitution (if applicable).

## C.    Collateral Attack Rights

So long as the Court imposes a sentence that conforms with this

agreement and with Fed. R. Cr. P. 11(c)(1)(C), the defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release (if applicable), and any fines or restitution (if applicable) – which the Court imposes.   The only exceptions to this collateral attack waiver are as follows:

1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and

2) a challenge to the voluntariness of the defendant's guilty plea(s).

//

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the

investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II C.   Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI.   ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Daniel Lee Slayden, the defendant, affirm this document

U. S. v. Slayden
4:14-cr-6-SAO                          18

contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this

U. S. v. Slayden
4:14-cr-6-SAO                          19

agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential,

U. S. v. Slayden
4:14-cr-6-SAO                                    20

and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Information.

DATED: _6/24/14_        _Daniel Slayden_
                        Daniel Lee Slayden
                        Defendant

As counsel for the defendant, I have communicated and discussed all plea offers with the defendant. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 6/24/14

ROBERT B. GROSECLOSE
Attorney for Daniel Lee Slayden

On behalf of the United States, the following accept Daniel Lee Slayden's offer to plead guilty under the terms of this plea agreement.

KAREN L. LOEFFLER
United States Attorney

DATED: 6/24/14

STEPHEN COOPER
Assistant United States Attorney
The United States of America